United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DELMOS WHITLEY, | Case No. 17-cv-03265-LB |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL** |
| SEPULVEDA, et al., | Re: ECF No. 1 |
| Defendants. | |

## INTRODUCTION

Delmos Whitley, an inmate currently housed at the California State Prison Solano, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 4.)[1] His complaint is now before the court for review. This order requires Mr. Whitely to explain why this action should not be dismissed as duplicative of an earlier action, barred by the doctrine of res judicata, and barred by the statute of limitations.

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-03265-LB

**STATEMENT**

In his complaint, Mr. Whitley alleges that he had a colon resection surgery to remove a cancerous tumor in 2010, and had another partially-successful surgery on February 24, 2011, to repair an incisional hernia. During Mr. Whitley's recuperation from the surgeries, he discovered his "inability to release semen," which he states is referred to as a "retro-grade ejaculation." (ECF No. 1 at 4.) Mr. Whitley allegedly was informed that the retro-grade ejaculation problem would self-correct in a 4- to 5-year period, but the self-correction did not occur. (*Id.*) Mr. Whitley researched and learned that "[t]here is no cure" for the retro-grade ejaculation condition. (Id.)

The allegations of the complaint repeat the allegations in an action filed by Mr. Whitley in 2015. In that 2015 action, *Whitley v. Webs*, Case No. 15-cv-3771 LB, he alleged that he had suffered the side-effect of retro-grade ejaculation as a result of the 2010 colon resection surgery and the February 24, 2011, surgery to repair an incisional hernia. The court dismissed the complaint with leave to amend, and later dismissed the action when the amended complaint failed to state a claim upon which relief could be granted. (ECF Nos. 3 and 8 in Case No. 15-cv-3771 LB.) The order of dismissal in the 2015 action explained:

> The amended complaint fails to state an Eighth Amendment claim against any defendant. Assuming *arguendo* that Mr. Whitley's condition amounts to a serious medical need, there is no allegation that any defendant acted with deliberate indifference, i.e., that any defendant knew of and disregarded an excessive risk to his health. *Colwell [v. Bannister]*, 763 F.3d [1060, 1066 (9th Cir. 2014)]. Mr. Whitley identifies Dr. Palmer as the surgeon for both surgeries, but alleges no facts suggestive of deliberate indifference by Dr. Palmer. . . .
>
> Mr. Whitley wrote in an inmate appeal filed in April 2011 that no one told him that retro-grade ejaculation was a possibility or a risk of the surgeries he underwent. (ECF No. 6-8 at 5.) These documents suggest, at most, negligence in failing to disclose to him that his cancer and hernia surgeries carried the risk of a retro-grade ejaculation problem as a side effect of the surgeries. Negligence does not violate the Eighth Amendment, however. *See Toguchi [v. Chung]*, 391 F.3d [1051, 1060 (9th Cir. 2004)] ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.")

(ECF No. 8 at 2-3 in Case No. 15-cv-3771 LB.) The action was dismissed "without prejudice to Mr. Whitley filing an action in state court if he wishes to pursue a claim for negligence." (*Id.* at 3.) He did not appeal the dismissal of that action.

There are two main differences between the present action and the 2015 action. In the present action, Mr. Whitley adds allegations that his retro-grade ejaculation problem "was a direct result of using the Davinci Laparascope with it's known flaw of no Tactile abilities," which he alleges should have been disclosed to him prior to undergoing any procedure. (ECF No. 1 at 4 (errors in source).)[2] In the present action, he adds Dr. Sepulveda, the chief medical officer at the Correctional Training Facility in Soledad, as a defendant.

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Whitley's complaint has three problems that must be addressed at the outset. The similarities between the present complaint and the earlier complaint indicate to the court that the complaint appears to be subject to dismissal because it duplicates an earlier action or, along similar lines, is barred by the doctrine of res judicata. The lengthy period of time between Mr.

---

[2] The exhibits attached to the complaint include printouts from a few websites mentioning alleged problems with Da Vinci surgical robots. (ECF No. 1-2 at 5-7 and 15; ECF No. 1-3 at 9-12; ECF No. 1-4 at 6-14.) Those printouts have no information about Mr. Whitley's case in particular. It appears from the exhibits that Mr. Whitley (or someone working on his behalf) did some internet research in March 2016, learned of reported problems with Da Vinci surgical robots in some laparoscopic surgeries, decided that perhaps the use of a Da Vinci surgical robot caused the retro-grade ejaculation problem Mr. Whitley experienced, and reasoned that the defendants are liable because they failed to warn Mr. Whitley of the potential risk of using a Da Vinci surgical robot.

Although the allegations and exhibits attached to the complaint in this action now point to a new explanation as to how his injury came to occur, the injury alleged is the same in the 2015 action and the present action: the retro-grade ejaculation side effect of surgery.

ORDER – No. 17-cv-03265-LB 3

Whitley's discovery of his retro-grade ejaculation problem and the filing of this action indicate to the court that this action also might be time-barred.

Duplicative action: The district court may dismiss an *in forma pauperis* complaint "'that merely repeats pending or previously litigated claims.'" *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (dismissal of complaint as frivolous was not an abuse of discretion where plaintiff had filed other similar complaints).

Mr. Whitley must file a written response showing cause why this action should not be dismissed as duplicative of his 2015 action. Even though he offers a new theory as to how his retro-grade ejaculation problem occurred, he appears to be asserting the same basic claims as he asserted in the 2015 action.

Res judicata: The related doctrines of res judicata and collateral estoppel limit the ability of litigants to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata bars not only every claim that was raised in the earlier action but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g., Stewart v. U.S. Bancorp*, 297 F.3d 953, 957–58 (9th Cir. 2002) (ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applied where single core of operative facts

formed basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applied where factual basis for Title VII claim was same as factual basis for § 1983 claim raised earlier; even though legal theory was different, plaintiff sought to vindicate the same wrong in each instance and could have amended in prior action to include Title VII claim). The court may examine the preclusive effect of a prior judgment sua sponte. *See McClain*, 793 F.2d at 1032-33.

It appears that the doctrine of res judicata bars Mr. Whitley from relitigating the Eighth Amendment claim because the same claim is being pursued, Mr. Whitley is the same party as in the earlier case, and the adjudication of the earlier action was final and on the merits. *See Stewart*, 279 F.3d at 957 (dismissal for failure to state a claim upon which relief may be granted is a decision on the merits). Further, res judicata appears to bar not only the Eighth Amendment claim that was litigated, but also bars the Eighth Amendment claim (and due process claim) that are based on the new theory that his injury flowed from the use of the Davinci laparoscope, which had a known flaw that the defendants did not warn him of before obtaining his consent to surgery.

Because the state law claims in the 2015 action were dismissed without prejudice to Mr. Whitley pursuing them in state court, res judicata does not apply to those claims. But, as the court explained in the 2015 action, this court only has jurisdiction to entertain an action if it raises a federal question, such as a civil rights claim asserted under § 1983. (ECF No. 4 at 3 in Case No. 15-cv-3771 LB.)

<u>Statute of limitations problem</u>: A statute of limitations problem appears to exist for the complaint. Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action

ORDER – No. 17-cv-03265-LB  5

accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life" and is under the disability at the time the cause of action accrues. *See* Cal. Civ. Proc. Code § 352.1.

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (Cal. 1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than four years after the acts and omissions alleged in the complaint occurred.

Mr. Whitley must file a response to this order, showing cause why the action should not be dismissed as time-barred. Of course, Mr. Whitley is not limited to arguing only equitable tolling – he may submit any argument he has to show that the statute of limitations does not bar this action.

## CONCLUSION

The complaint appears to be duplicative, barred by res judicata, and barred by the statute of limitations. Mr. Whitley must file a written response no later than **July 21, 2017**, showing cause why this action should not be dismissed for each of these reasons. Failure to file the response by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: June 14, 2017

_____
LAUREL BEELER
United States Magistrate Judge