UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DELMOS WHITLEY, | Case No. 17-cv-03265-LB |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| SEPULVEDA, et al., | Re: ECF No. 1 |
| Defendants. | |

# INTRODUCTION

Delmos Whitley, an inmate currently housed at the California State Prison-Solano, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, complaining of events and omissions that had occurred in 2010 and 2011, and that had been the subject of an earlier action he filed. He consented to proceed before a magistrate judge. (ECF No. 4.)[1] The court ordered him to show cause why this action should not be dismissed as duplicative of an earlier action, barred by the doctrine of res judicata, and barred by the statute of limitations. (ECF No. 5.) Mr. Whitley filed a response. (ECF No. 9.) This order dismisses the action without prejudice to Mr. Whitley pursuing his state law claims in state court.

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-03265-LB

## STATEMENT

In his complaint, Mr. Whitley alleges that he had a colon resection surgery to remove a cancerous tumor in 2010, and had another surgery on February 24, 2011, to repair an incisional hernia. During Mr. Whitley's recuperation from the surgeries, he discovered his "inability to release semen," which he states is referred to as a "retro-grade ejaculation." (ECF No. 1 at 4.) Mr. Whitley allegedly was informed that the retrograde ejaculation problem would self-correct in a 4- to 5-year period, but the self-correction did not occur. (*Id.*) Mr. Whitley researched and learned that "[t]here is no cure" for the retrograde ejaculation condition. (Id.)

The allegations of the complaint repeat the allegations in an action filed by Mr. Whitley in 2015. In *Whitley v. Webs*, Case No. 15-cv-3771 LB ("the 2015 action"), he alleged that he had suffered the side effect of retrograde ejaculation as a result of the 2010 colon resection surgery and the February 24, 2011, surgery to repair an incisional hernia. The court dismissed the complaint with leave to amend, and later dismissed the 2015 action when the amended complaint failed to state a claim upon which relief could be granted. (ECF Nos. 4 and 8 in Case No. 15-cv-3771 LB.) The order of dismissal in the 2015 action explained:

> The amended complaint fails to state an Eighth Amendment claim against any defendant. Assuming *arguendo* that Mr. Whitley's condition amounts to a serious medical need, there is no allegation that any defendant acted with deliberate indifference, i.e., that any defendant knew of and disregarded an excessive risk to his health. *Colwell [v. Bannister]*, 763 F.3d [1060, 1066 (9th Cir. 2014)]. Mr. Whitley identifies Dr. Palmer as the surgeon for both surgeries, but alleges no facts suggestive of deliberate indifference by Dr. Palmer.
>
> An unsigned "affidavit of specific negative averment" attached to the amended complaint states that "[t]here is no proof that the internal injuries/damages received by the Third Party Affiant Delmos Whitley could not/should not have been known or expected to be a possible post condition or procedure after effect, that should have been disclosed to the Third Party Affiant Delmos Whitley." (ECF No. 6 at 13.) Mr. Whitley wrote in an inmate appeal filed in April 2011 that no one told him that retro-grade ejaculation was a possibility or a risk of the surgeries he underwent. (ECF No. 6-8 at 5.) These documents suggest, at most, negligence in failing to disclose to him that his cancer and hernia surgeries carried the risk of a retrograde ejaculation problem as a side effect of the surgeries. Negligence does not violate the Eighth Amendment, however. *See Toguchi [v. Chung]*, 391 F.3d [1051, 1060 (9th Cir. 2004)] ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.")

(ECF No. 8 at 2-3 in Case No. 15-cv-3771 LB.) The action was dismissed on October 28, 2015,

"without prejudice to Mr. Whitley filing an action in state court if he wishes to pursue a claim for negligence." (*Id.* at 3.) He did not appeal the dismissal of that action. He does not allege whether he filed an action in state court.

There are two main differences between the present action and the 2015 action. In the present action, Mr. Whitley adds allegations that his retrograde ejaculation problem "was a direct result of using the Davinci Laparscope with it's known flaw of no Tactile abilities," and the risk should have been disclosed to him prior to undergoing any procedure. (ECF No. 1 at 4 (errors in source).)[2] In the present action, he adds Dr. Sepulveda, the chief medical officer at Salinas Valley State Prison, as a defendant.

## ANALYSIS

The order to show cause directed Mr. Whitley to address three different problems: this action appeared to be duplicative of the 2015 action, this action appeared to be barred by the doctrine of res judicata, and this action appeared to be barred by the statute of limitations. The court does not

---

[2] The exhibits attached to the complaint include printouts from a few websites mentioning alleged problems with Da Vinci surgical robots. (ECF No. 1-2 at 5-7 and 15; ECF No. 1-3 at 9-12; ECF No. 1-4 at 6-14.) Those printouts have no information about Mr. Whitley's case in particular. It appears from the exhibits that Mr. Whitley (or someone working on his behalf) (a) did some internet research in March 2016, (b) learned of reported problems with Da Vinci surgical robots in some laparoscopic surgeries, (c) decided that perhaps the use of a Da Vinci surgical robot caused the retrograde ejaculation problem Mr. Whitley experienced, and (d) reasoned that the defendants are liable because they failed to warn Mr. Whitley of the potential risk of using a Da Vinci surgical robot. Although the allegations and exhibits attached to the complaint in this action now point to a new explanation as to how his injury came to occur, the injury alleged here is the same as the injury alleged in the 2015 action: the retrograde ejaculation side effect of surgery.

The court notes that it is not clear from the record that Mr. Whitley's surgeries actually involved the use of a Da Vinci surgical robot. Mr. Whitley identifies Exhibits B and C as support for his allegations that a "Davinci Laparascope device" was used on him. (ECF No. 1 at 3, 4.) But those exhibits do not mention Da Vinci or robotic surgery, and only state that the surgeries were done with a laparoscope. (ECF No. 1-1 at 7-23; *id.* at 9 (surgical notes for "laparoscopic rectosigmoid colectomy (with low pelvic anastomosis)" done on October 25, 2010); *id.* at 20 (surgical notes for "Laparoscopic incisional hernia repair with mesh" and "Laparoscopic enterolysis"). Mr. Whitley apparently assumes that all laparoscopic surgery is done with a Da Vinci robot, but that does not appear to be correct, as reflected in several other exhibits attached to his complaint. (*See, e.g.,* ECF No. 1-2 at 6 (lawyer advertisement stating that the Da Vinci manufacturer had not done "sufficient testing to determine whether da Vinci robotic surgery is any more safer or more effective than other surgical and laparoscopic methods"); *id.* at 7 (article stating that one specialist "prefers straight nonrobotic laparoscopy" to robotic procedure); ECF No. 1-4 at 13 (abstract in Current Oncology Reports stating that "[r]obotic surgery is performed using various techniques, with or without laparoscopic surgery.")

need to decide whether the action is barred as duplicative or barred by the statute of limitations because the court concludes that the action is barred by res judicata.

The res judicata problem applies to the federal causes of action and not to the state causes of action. But the res judicata problem requires dismissal of the entire action because federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) Because there is not a claim stated under § 1983 that is not barred by res judicata, the plaintiff must pursue his state law claims in state court, if he can pursue them anywhere.

**1. The Federal Constitutional Claim Is Barred By Res Judicata**

The related doctrines of res judicata and collateral estoppel limit the ability of litigants to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted). Res judicata bars not only every claim that was raised in the earlier action but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief. The court may examine the preclusive effect of a prior judgment sua sponte. *See McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Blonder-Tongue Labs., Inc. v. University of Ill. Found.,* 402 U.S. 313, 323-24 (1971)).

Here, all three requirements for res judicata are satisfied. The first requirement is an identity of claims. There is an identity of claims in the 2015 action and in this action as the pleadings allege

the same basic operative facts (i.e., Mr. Whitley suffered a retrograde ejaculation problem as a result of errors in a cancer-removal surgery in 2010 and a hernia-repair surgery in 2011) and seek recovery for a violation of the same constitutional right (i.e., his Eighth Amendment right). *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (whether there is an identity of claims turns on: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.").

Unlike the pleadings in the 2015 action, the complaint in this action uses the phrase "due process," but this apparent invocation of the Due Process Clause of the Fourteenth Amendment does not help Mr. Whitley. The existence of an explicit textual source of constitutional protection against a particular sort of government behavior -- such as the Eighth Amendment's clause prohibiting cruel and unusual punishment -- that Amendment, not the more generalized notion of "substantive due process," must be used to analyze such a claim. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see, e.g., id.* at 273 (constitutionality of arrest may only be challenged under Fourth Amendment); *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (substantive due process claim improper when Equal Protection Clause covers racially discriminatory actions alleged), *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005). A plaintiff therefore may not bring a substantive due process claim whenever his potential claims under more specific provisions of the Constitution fail. *See Albright*, 510 U.S. at 273-75. Mr. Whitley's constitutional claim about his medical care is covered by the Eighth Amendment because the Eighth Amendment provides an explicit textual source of the constitutional protection against the particular sort of government behavior at issue. That is, a prisoner's right to be free from cruel and unusual punishment is covered by the Eighth Amendment, and that right includes a right to have prison officials not be deliberately indifferent to a substantial risk to a prisoner's health or safety. The due process claim

1 therefore is dismissed. Because there is no due process claim for the allegedly deficient medical
2 care, the only constitutional right is the same Eighth Amendment claim at issue in the 2015 action.

The fact that Mr. Whitley offers a new theory as to how his retrograde ejaculation problem was caused during his two surgeries does not alter the court's conclusion that there is an identity of claims between the 2015 action and the present action. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g., Stewart v. U.S. Bancorp*, 297 F.3d 953, 957–58 (9th Cir. 2002) (ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applied where single core of operative facts formed basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applied where factual basis for Title VII claim was same as factual basis for § 1983 claim raised earlier; even though legal theory was different, plaintiff sought to vindicate the same wrong in each instance and could have amended in prior action to include Title VII claim). Although Mr. Whitley adds a new theory -- i.e., that it was the surgeon's use of a Da Vinci surgical robot that caused the nerve damage resulting in his retrograde ejaculation problem -- there is an identity of claims because Mr. Whitley is still complaining about the nerve damage done during surgery that resulted in the retrograde ejaculation problem.

The second requirement for res judicata is a final judgment on the merits. There is a final judgment on the merits because the 2015 action was dismissed for failure to state a federal claim upon which relief may be granted. A dismissal for failure to state a claim for which relief may be granted is a decision on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). Mr. Whitley did not appeal from that dismissal, and the judgment entered on October 28, 2015 has long since become a final judgment.

Mr. Whitley argues that his complaint in this action "is meant to replace/amend the original which was dismissed by this court with leave to amend and re-submit." (ECF No. 9 at 2.) This argument is unpersuasive because he *did* submit an amended complaint in the 2015 action, and the court determined that the amended complaint failed to state a claim. The order of dismissal in the 2015 action did not invite further amendment or the submission of additional pleadings. The only avenue for further pleading suggested in the order of dismissal was that Mr. Whitley was free to pursue his state law claims in state court.

The third requirement is an identity of parties. There is an identity of parties between the two actions: Mr. Whitley was the plaintiff in both actions, and three of the present defendants were defendants in the 2015 action, i.e., Dr. Palmer, Mr. Webs, and Ms. Toche. Res judicata bars Mr. Whitley from relitigating his Eighth Amendment claim against Dr. Palmer, Mr. Webs, and Ms. Toche.

The doctrine of res judicata bars Mr. Whitley from relitigating the Eighth Amendment claim because the same claim is being pursued, the adjudication of the earlier action was final and on the merits, and Mr. Whitley is the same party as in the earlier case. Res judicata bars not only the Eighth Amendment claim that was litigated, but also bars the Eighth Amendment claim that is based on the new theory that his injury flowed from the use of the Da Vinci laparoscope, which allegedly had a known flaw of which he was not warned.

Because the state law claims in the 2015 action were dismissed without prejudice to Mr. Whitley pursuing them in state court, res judicata does not apply to those claims. As the court explained in the 2015 action, this court only has jurisdiction to entertain an action if it raises a federal question, such as a civil rights claim asserted under § 1983. (ECF No. 4 at 3 in Case No. 15-cv-3771 LB.)

**2. Claim Against Dr. Sepulveda**

Dr. Sepulveda, the chief medical officer at Salinas Valley State Prison, is the only defendant in this action who was not also a defendant in the 2015 action. Mr. Whitley alleges in his complaint that chief medical officer Dr. Sepulveda authorized the referral of Mr. Whitley to Dr. Palmer at Natividad Medical Center for cancer surgery. (ECF No. 1 at 3.) Mr. Whitley further alleges that

Dr. Sepulveda negligently failed to inform him of the risks of using a Da Vinci robot in surgery. (*Id.* at 5.) The complaint does not allege that Dr. Sepulveda provided any treatment to Mr. Whitley or was part of the surgical team that operated on him at Natividad Medical Center.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for prisoner health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For an Eighth Amendment claim based on the response to a prisoner's medical needs, the prisoner must plead and prove: (1) that he had a serious medical need, and (2) deliberate indifference to that need by the defendant, i.e., the prison official knew of and disregarded an excessive risk to prisoner health and safety. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). A serious medical need may exist if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). Negligence does not violate the Eighth Amendment. *See Toguchi v. Chung,* 391 F.3d 1051, 1060-61 (9th Cir. 2004).

The complaint fails to state a claim against Dr. Sepulveda for an Eighth Amendment violation. Authorizing a prisoner to go to an outside facility for needed surgery simply does not amount to deliberate indifference to a serious medical need. The fact that there may be a potential complication of the surgery that will be done by an outside specialist -- even if the authorizing prison official is aware of that potential complication -- also does not amount to disregard of an excessive risk to prisoner health by the prison official. At its core, Mr. Whitley's claim is that Dr. Sepulveda approved a request for him to receive surgery and that the surgeon used a device that allegedly caused an unwanted side effect. Those facts do not amount to deliberate indifference to risk to Mr. Whitley's health by Dr. Sepulveda. A claim that one has been operated on without having first given informed consent is generally treated as a negligence claim. "'[W]hen the patient consents to certain treatment and the doctor performs that treatment but an undisclosed inherent complication with a low probability occurs, no intentional deviation from the consent given appears; rather, the doctor in obtaining consent may have failed to meet his due care duty to disclose pertinent information. In that situation the action should be pleaded in negligence.'"

*Cobbs v. Grant*, 8 Cal. 3d 229, 240-41 (Cal. 1972), *quoted with approval in Moran v. Selig*, 447 F.3d 748, 758 (9th Cir. 2006); *Saxena v. Goffney*, 159 Cal. App. 4th 316, 324 (Cal. Ct. App. 2008) ("A claim based on lack of informed consent—which sounds in negligence—arises when the doctor performs a procedure without first adequately disclosing the risks and alternatives.") Mr. Whitley's claim that Dr. Sepulveda should have warned him that he would be operated on with a Da Vinci surgical robot and that Da Vinci surgical robots have a known flaw of no tactile abilities is a state law claim for negligence that should be pursued in state court, if at all. *See, e.g., Burgess v. Mar*, 395 F. App'x 368 (9th Cir. 2010) (district court properly dismissed claim against prison medical personnel because their "alleged failure to warn him of the potential side effects of pain medicine constitute negligence at most, and not deliberate indifference").

## CONCLUSION

The doctrine of res judicata bars the federal constitutional claim alleged by Mr. Whitley in this action against Dr. Palmer, Mr. Webs, and Ms. Toche. The complaint fails to state a federal constitutional claim against Dr. Sepulveda. Because there is no viable federal claim giving this court original jurisdiction, the court declines to exercise supplemental jurisdiction over the state claims. This action is dismissed without prejudice to Mr. Whitley pursuing his state law claims in a state court action. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 24, 2017

LAUREL BEELER
United States Magistrate Judge